UNTIED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 25  A 11: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA )
)
)
v. ) CRIMINAL NO. 1: 03 CR 10038-001-GAO
)
)
LAWRENCE GUZMAN )

### DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE AND SET ASIDE SENTENCE AND JUDGMENT

Defendant, Lawrence Guzman, moves under 28 U.S.C. §2255 to vacate and set aside the conviction and sentence in this case on the ground that the sentence was imposed in violation of the Constitution and law of the United States. Defendant contends that his conviction violates the Constitution and laws for the following reasons:

1. The Court abused its discretion and violated the defendant's constitutional rights in not considering government's overreaching, potential for victimization, imperfect entrapment, and the defendant's extensive cooperation with law enforcement officials on the issue of downward departure. People v. Ealy, 222 Mich.App. 508, 564 N.W.2d 168 (1997).

2. The Court abused its discretion and violated the defendant's constitutional rights in not granting the defendant a jury trial on the issue of government's overeaching, imperfect entrapment, potential for victimization and the defendant's extensive cooperation with law enforcement officials. Blakely v. Washington, 124 S.Ct.429(2003).

3. The defendant's prior counsel, who represented him during his sentencing, did not effectively represent him. United States v. Wilkerson, 251 F. 3d 273, 279 (1st Cir. 2001) [citing Strickland v. Washington, 466 U.S. 668, 687 104 S. Ct. 2052 (1984)].

STATEMENT OF PRIOR PROCEEDINGS AND FACTS

The Court sentenced the defendant to 63 months on October 24, 2003 although both the defendant and the government recommended a downward departure to 12 to 18 months.

ARGUMENT

The Government and the defendant executed a plea agreement. The plea agreement anticipated a downward departure of the defendant's sentence to a range of 12 to 18 months.

The Court abused its discretion and violated the defendant's constitutional rights in not granting the defendant a downward departure of the defendant's sentence to a range of 12 to 18 months (Total Offense Level 6 and Criminal History Category VI) on three grounds: i) Imperfect Entrapment. Defendant was imperfectly entrapped by a friend and agent of the Government and because of the close relationship, the Governments activities were overreaching; ii) Potential for Victimization. Defendant status as a "Snitch" cooperating witness against violent and heavily prison populated gang members consisting of The Outlaws and Latin Kings would be an extreme harsh penalty, putting his life in immediate danger; and iii)Defendant's criminal history category significantly over-represents the seriousness of the defendant's

past criminal conduct.

Pursuant to 18 U.S.C. §, 3553 (a), the Court abused its discretion and violated the defendant's Constitutional rights by imposing a greater sentence then necessarily needed. 18 U.S.C. § 3553 (a)(2)(D)(b) states that a Court has authority to depart downward when a mitigating circumstance that was not considered by the Sentencing Commission is present. See, U.S.S.G., §, 5K2.0; and 18 U.S.C. §, 3553 (b).

In <u>Koon v. United States</u>, 518 U.S. 81, 116 S. Ct. 2035 (1996), the Supreme Court has stated unequivocally that the Court has ample room under the guidelines to exercise discretion to sentence a defendant by considering defendant as "an individual" with a unique situation with human faults that can mitigate the punishment for the crime defendant committed. 18 U.S.C.§, 2053. Further, a Court may depart from the guidelines based upon any ground that the Sentencing Commission has not identified. Accordingly, the Court abused its discretion and violated the defendant's constitutional rights by not granting a jury trial on all issues.

Again, the Court abused its discretion and violated the defendant's constitutional rights in not     granting defendant a downward departure given that the government's actions in this case were overreaching. <u>United States v. Connell</u>, 960 F. 2d 191, 196 (1st Cir. 1992). Defendant is entitled to a jury trial on these issues and the government has the burden of proof beyond a

reasonable doubt.

Defendant has provided various examples of overreaching by the government. The various examples are: intimidation, threats, dogged insistence, and "arm-twisting" based on need, sympathy, friendships, or the like. United States v. Young, 78 F. 3d 758, 761 (1996)

The only reason the various confidential informants where such was because the defendant introduced them to the FBI. This relationship with the defendant and the FBI coupled with the fact that the government still had an outstanding promise to pay the defendant, knowing that he was without work and had no money is the exact type of government overreaching the Connell and Young Courts discussed were forbidden.

The defendant has repeatedly been subject to extreme abuse/victimization in the prison population given that he testified against a substantial amount of Latin gang members. Koon v. United States, at 2053.

The defendant was threatened while testifying for the government against Carlos Nazario. Additionally, one of the basic rules in street gangs is the code of silence. The defendant not only broke the code of silence, he infiltrated the gangs for the sole purpose of working with the FBI to bring gangs to jail. The gangs are essentially waiting for the defendant. In prison the defendant as been under continued attack on a daily basis.

REQUEST FOR EVIDENTIARY HEARING

Petitioner-defendant requests an evidentiary hearing on this motion.

CONCLUSION

Petitioner-defendant requests that the Court allow this motion and schedule a sentencing hearing in his case.

                LAWRENCE GUZMAN
                By his Attorney,

                Richard A. Cutter, Esquire
                (BBO#111020)
                CUTTER & CUTTER
                Presidential Park
                314 Main Street
                Wilmington, MA 01887
                Telephone:  (508) 658-5687

CERTIFICATE OF SERVICE

I, Richard A. Cutter, Esquire, hereby certify that a true copy of the above document was served upon Assistant U.S. Attorney John A. Wortmann, Jr., 1 Courthouse Way, Boston, MA 02110 by delivery in hand on October 25, 2004.

                Richard A. Cutter, Esquire
                (BBO#111020)
                CUTTER & CUTTER
                Presidential Park
                314 Main Street
                Wilmington, MA 01887
                Telephone:  (508) 658-5687