UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAWRENCE GUZMAN              )
                            )
            v.              )        CIVIL NO. 04-12302-GAO
                            )
UNITED STATES OF AMERICA     )

## GOVERNMENT'S OPPOSITION TO PETITION UNDER 28 U.S.C. § 2255 AND REQUEST FOR SUMMARY DISMISSAL

On February 20, 2003, a grand jury in this district returned a one-count indictment charging Lawrence Guzman with distribution of cocaine. The indictment resulted from an incident in which Guzman (who was then an FBI informant actively involved in a number of ongoing investigations) sold cocaine to a Massachusetts State Police undercover agent on video. The buy resulted from information that the FBI had received days earlier regarding Guzman's drug trafficking. Guzman had repeatedly denied any ongoing drug dealing to the FBI and had reiterated that claim in sworn testimony in a sentencing proceeding in this court.

The evidence against Guzman (who was a career offender with three predicate convictions) simply could not have been stronger. Guzman's sale was capture on video and audio recordings. During the sale, Guzman bragged that he could get the UC larger amounts of cocaine. After he was arrested, Guzman admitted to making the sale, admitted other criminal activity, and admitted that he had lied about his background in prior sworn testimony given in this court.

Guzman thereafter pled guilty to the charge against him.

152, 166 (1982).  "A presumption of finality attaches to criminal convictions once all direct appeals have been exhausted." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). See also Barefoot v. Estelle, 463 U.S. 880, 887 (1983).  "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  Id. at 167-68.

In order for relief to lie under §2255, the claimed error must be jurisdictional, constitutional, "a fundamental defect which inherently results in a complete miscarriage of justice", or "an omission inconsistent with the rudimentary demands of fair procedure."  United States v. Addonozio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962).  Simply put, "post conviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton, 26 F.3d at 236; See also Brecht v. Abrahamson, 507 U.S. 619, 634-634 (1993).

## B.  Relitigation of issues under 28 U.S.C. § 2255

A fundamental component of collateral review under 28 U.S.C. § 2255 is that it does not permit a convicted person from relitigating issues already been raised at trial or sentencing. A defendant is barred from relitigating issues previously raised

in his case.   See, e.g., Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993); Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991)(issues resolved by a prior appeal will not be reviewed again by a motion pursuant to 28 U.S.C. §2255 motion). A petitioner cannot escape this bar merely by recasting claims in different nomenclature.   Tracy, 739 F.2d at 682.   See also Field v. Mans, 157 F.3d 35, 40 (1st Cir. 1998)("law of the case" is prudential principle that "precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided.").

A criminal defendant is also not entitled to relitigate issues that *could have been raised* on direct appeal, but were not, absent a showing of cause excusing the default and actual prejudice resulting from the error of which he complains.   See United States v. Frady, 456 U.S. 152, 167-68 (1982); Suveges v. United States, 7 F.3d 6, 10 (1st Cir.1993) (holding that a party must show cause and prejudice to raise an objection not argued on direct appeal in a § 2255 motion).   Hence, even though Guzman's claims were not pursued on direct appeal, he still bears the burden of showing cause and prejudice to avoid summary dismissal.

## C.   Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy the right . . . to have assistance of counsel for his defense."   U.S.

Const. Amend. VI.  "It has long been recognized that the right to counsel is the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970).  However, the United States Supreme Court has held that "judicial scrutiny of counsel's performance must be highly deferential." Strickland v. Washington, 466 U.S. 668, 689 (1984).  Therefore, courts must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689.

The standard employed for determining the merits of ineffective assistance claims is whether the assistance of defense counsel was reasonably competent, i.e., whether the quality of defense counsel's representation was within the range of competence expected of attorneys in criminal cases. United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978).  Effective representation does not mean errorless representation and "a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard." Bosch, 584 F.2d at 1121.  See also United States v. Thomann, 609 F.2d 560, 566 (1st Cir. 1979); United States v. Garcia, 698 F.2d 31, 35 (1st Cir. 1983).  Even deficient representation is legally insignificant unless accompanied by actual prejudice. United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) ("petitioner must establish both constitutionally

7

deficient performance on his attorney's part and concomitant

prejudice").

In Strickland v. Washington, 466 U.S. 668 (1984), the United

States Supreme Court set forth a two-prong test for a claim of

ineffective assistance of counsel:

> First, the defendant must show that counsel's
> performance was deficient.  This requires showing that
> counsel made errors so serious that counsel was not
> functioning as the counsel guaranteed by the 6th
> Amendment.  Second, the defendant must show that
> counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is
> reliable.

A §2255 petitioner must demonstrate ineffective assistance of

counsel, as well as an entitlement to §2255 relief, by a

preponderance of the evidence.  Lema v. United States, 987 F.2d

48, 51 (1st Cir. 1993); Barrett v. United States, 965 F.2d 1184,

1186 (1st Cir. 1992).

## II.  THE PETITION FAILS TO STATE A COGNIZABLE CLAIM FOR RELIEF UNDER 28 U.S.C. § 2255 AND SHOULD BE SUMMARILY DISMISSED

The First Circuit has explained the circumstances under

which summary dismissal of a Section 2255 motion is appropriate:

> Summary dismissal of a §2255 petition is appropriate if
> it plainly appears from the face of the motion that the
> movant is not entitled to relief.  Rule 4(b) of the
> Rules Governing §2255 Proceedings.  While genuine
> issues of material fact may not be resolved without a
> hearing, a hearing is not required where a habeas
> motion (1) is inadequate on its face, or (2) although
> facially adequate, is conclusively refuted as to the
> alleged facts by the files and the records of the case.
> . . . The court must take the allegations contained in
> the petitioner's motion as true, except to the extent
> that they are contradicted by the record or are

8

inherently incredible, and to the extent that they are
merely conclusions rather than statements of fact.

Carey v. United States, 50 F.3d 1097, 1098 (1st Cir. 1995)
(citations and quotation marks omitted). In making a preliminary
assessment of the merits of a Section 2255 motion, the district
court is also entitled to rely upon an "'expanded record that may
include, "in an appropriate case, even affidavits."'" Id.
(citations omitted); see also McGill, 11 F.3d 223 at 225. ("In
most situations, motions can be 'heard' effectively on the
papers, with the parties submitting evidentiary proffers by means
of affidavits, documentary exhibits, and the like."). The burden
is ultimately upon the petitioner to establish both the need for
an evidentiary hearing, and his entitlement to the relief he
seeks. Id. See also David v. United States 134 F.3d 470, 478
(1st Cir. 1998) (even if not conclusively belied by the record,
§2255 petitions based on vague, conclusory or incredible claims
may be summarily dismissed). Where a petition: "(1) is inadequate
on its face; or, (2) although facially adequate, is conclusively
refuted as to the alleged facts by the files and records of the
case," DiCarlo, 575 F.2d at 954, summary dismissal is
appropriate. Moreover, "even a section 2255 petition predicated
on specific assertions of fact allegedly supported in the record
may be dismissed summarily by the district court," Barrett v.
United States, 965 F.2d 1184, 1186 (1st Cir. 1992), provided "the
district court can ... 'test' the ... allegations by assuming

9

arguendo their truth, and then assessing their sufficiency in light of the relevant constitutional standards and the record." Id., quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974); see also United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984).

Application of these principles here demonstrates that Guzman's Petition should be summarily dismissed for at least two reasons. The first is that Guzman's claim--that this Court should have departed over and above any amount justified by the extent of Guzman's cooperation, was not only made to the district court, but it was accepted by it. Guzman's Sentencing Memorandum and the Sentencing Transcript attached as Exhibit 2 conclusively show that these arguments were not only made to the district court but that they carried the day and that the exceptional departure granted in this case was based on them rather than simply on the 5K1 motion that the government filed. See Exhibit 2 at 25-26; Sentencing Memorandum at 2-5. Having already raised this issue once (and prevailed on it), Guzman cannot be permitted to relitigate it under the guise of a Section 2255 Petition. See also Singleton v. United States, 26 F.3d 233, 240 (1st Cir.1993) (" I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion."); United States v. Michaud, 901 F.2d 5, 6 (1st Cir.1990) ("We note that certain other claims raised in the § 2255 motion were decided on direct appeal and may not be relitigated under a different label

10

on collateral review.").

Even if the arguments raised here had not been made below, the Petition nevertheless still fails. As a general matter, sentencing issues arising from the ordinary application of the sentencing guidelines are cognizable under section 2255 only if they rise to the level of a "complete miscarriage of justice." E.g, Knight v. United States, 37 F.3d 769, 771 (1st Cir.1994). See also Grant v. United States, 72 F.3d 503, 506 (6th Cir.1996)(error in application of the sentencing guidelines is rarely grounds for § 2255 relief); United States v. Faubion, 19 F.3d 226, 232-33 (5th Cir.1994) (erroneous upward departure under sentencing guidelines not a "miscarriage of justice"); Scott v. United States, 997 F.2d 340, 341-42 (7th Cir.1993) (erroneous criminal history score under sentencing guidelines not subject to collateral attack); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (error in technical application of sentencing guidelines not subject to collateral attack). Here, the only error alleged in the Petition is this Court's discretionary decision to depart and the extent of the resulting sentence reduction. See Petition at 1-4. Because such matters are committed to the discretion of the district court and would not have been reviewable on direct appeal under any circumstances, they certainly cannot provide the grounds for a 2255 Petition. E.g., United States v. DeWire, 271 F.3d. 333, 337 (1st Cir. 2001)

(a district court's refusal to depart downward from the
sentencing guidelines is unreviewable unless it is based on an
error of law); United States v. Pierro, 32 F.3d 611, 619 (1st
Cir. 1994) ("It is by now axiomatic that a criminal defendant
cannot ground an appeal on a sentencing court's discretionary
decision not to depart below the guideline sentencing range.").
Guzman's claims must therefore be dismissed. E.g., Woods v.
United States, 1996 WL 733127, *3 (6th Cir.(Tenn.) In dismissing
2255 Petition claiming failure to depart, court noted that based
on erroneous a district court's refusal to depart downward may be
reviewed, even on direct appeal, only if the district court
incorrectly believed that it could not consider the defendant's
mitigating circumstances and exercise discretion to depart under
the guidelines); United States v. Rael, 1995 WL 395787, **2 (10th
Cir.(Colo.) ("Even if we credited the enhanced version of events
which Mr. Rael urges, we do not have jurisdiction to review the
court's discretionary refusal to depart, either at the original
sentencing hearing or upon review of its refusal to grant his
section 2255 motion").

Guzman adds nothing to this case by his conclusory (and
predictable) Sixth Amendment claim of ineffective assistance.  As
set forth above, the sole basis for that claim is counsel's
supposed failure to press the departure claims described in the
Petition.  Petition at 2.  Because the record--which shows that

12

Guzman's trial counsel in fact made the claims at issue and was successful on them and that there was nothing to appeal under settled law--flatly belies this claim, it is impossible to conclude that either of the two prongs of Strickland could be satisfied in this case.[4]

### III.   CONCLUSION

Based on the foregoing, the government respectfully requests that the Petition be summarily denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:   _____
JOHN A. WORTMANN JR.
Assistant U.S. Attorney
One Courthouse Way
Boston, MA
(617) 748-3207

---

[4] The defendant also makes a perfunctory Blakely argument, apparently claiming that Blakely somehow applies to this case, in which the sole issue was the availability and extent of a *downward departure*. Even if such a claim were available given the defendant's failure to raise it at sentencing or on direct appeal, it would fail for the obvious reason that Blakely does not apply to guideline reductions. E.g., United States v. Giluardo-Parra, 2004 WL 2369936, *5 (D.Utah. October 20, 2004) ("Blakely does not apply to credit for acceptance of responsibility because nothing prevents a judge from making factual determinations about the applicability of reductions in sentences"). See also United States v. Cordoza-Estrada, 385 F.3d 56 (1st Cir. September 29, 2004) and United States v. Savarese, 385 F.3d 15 (1st Cir. September 22, 2004) (rejecting claims asserted under Blakely v. Washington, 124 S.Ct. 2534 (2004) for the first time on appeal based on the defendant's inability to establish plain error).

<u>CERTIFICATE OF SERVICE</u>

I, JOHN A WORTMANN, JR., Assistant U.S. Attorney, do hereby certify that I have this 20th day of December, 2004, served the copy of the foregoing by mail to Richard Cutter, 314 Main Street, Wilmington, MA 01887.

                                          12·20·04
_____
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney

14